## Brierley et al., Receivers, v. Commercial Credit Company.

*Practice, C. P.—Statutory demurrer—Stipulation as to judgment—Final judgment—Usury—Corporations—Acts of May 14, 1915, and April 27, 1927.*

1. Under the provisions of the Practice Act of May 14, 1915, P. L. 483, a statement of claim, in addition to serving the purpose of the averment of a cause of, action, must likewise serve the further purpose of an adequate and sufficient "bill of particulars."

2. Where a copy of the agreement on which the action is based is set out in the statement, the agreement is brought upon the record and the cause of action is thereby restricted to the *assumpsit* implications arising thereout.

3. It is the settled practice under the Act of May 14, 1915, P. L. 483, not to answer questions of law raised by a statutory demurrer unless, by a stipulation of parties or otherwise, a final judgment can be rendered and a trial thereon saved.

4. If such a stipulation is refused and the court in looking into the record cannot find a way to enter a final judgment, the demurrer will be overruled and defendant allowed to file an affidavit of defense to the merits.

5. Under the Act of April 27, 1927, P. L. 404, a corporation has no right to interpose the defense of usury.

6. *Quære:* Does the act preclude a corporation from recovering usury which it has paid?

Statutory demurrer. District Court of the United States for the Eastern District of Pennsylvania, Sept. T., 1927, No. 13,362.

*Arthur E. Weil* and *Frank A. Harrigan,* for plaintiff.

*L. M. Schoch* and *Thomas Stokes,* for defendant.

DICKINSON, Dist. J., April 13, 1928.—The practical wisdom of the rule which pertains in every appellate court that the question for discussion should be formulated in concise terms is vindicated in this as in almost every cause. Frequently the question to be discussed can be best presented through a contrast of the respective viewpoints of the parties. The demurrer here proceeds

upon the theory that the plaintiff is advancing a cause of action on the basis of a demand that the defendant return the aggregate sum of the moneys which during a long course of years it has exacted from the plaintiff by way of usurious interest collected for loans made by the defendant to the plaintiff.

It is denied that a cause of action exists for many reasons, among which one may be chosen for illustration. This is that the Pennsylvania Act of Assembly of April 27, 1927, P. L. 404, denies to every corporation the right to interpose the defense of usury. As the question of law thus raised goes to the very basis of the cause of action, the Practice Act of 1915 is invoked, and the court is asked to rule in effect that the plaintiff has no right to recover. The statement of claim discloses whether the cause of action is as stated. Passing by all other questions and going directly to this as the only one to which we are asked to make answer, we find the basis of the cause of action as set forth is to be found in the agreement of Dec. 23, 1919. This agreement first provides that the defendant shall purchase of the plaintiff its accounts receivable on the basis of face value discounted at "the legal rate of interest." This necessarily implies that all advances are on a loan basis or that the purchase price is face value, less 6 per cent., or whatever the applicable legal rate of interest may be. Of this face value 77 per cent. is to be paid down "and the remaining 23 per cent., less any deductions and total charges (as defined)," is to be paid when the accounts are paid by the debtors. For the advances made the defendant here is to receive over 15 per cent. per annum interest on the advances made, plus an additional ½ per cent. charge up to a certain sum.

The statement of claim is made somewhat complex by going into details, but it is in effect the case of a collecting or other agent who has received moneys belonging to the plaintiff for which the defendant is called upon to account. Under the system of pleading which formerly prevailed, the cause of action would be presented in the form of a count "for money had and received by the defendant for the use of the plaintiff," and would be based upon the implied *assumpsit* to pay it over on demand. Under the provisions of the Practice Act, a statement of claim, in addition to serving the purpose of the averment of a cause of action, must likewise serve the further purposes of an adequate and sufficient "bill of particulars." To meet this latter requirement, the details of the demand are set forth which gives to the statement more or less of the necessary complexity to which we have adverted. Among other details, a copy of the agreement appears as part of the statement. This brings the agreement upon the record, and the cause of action is thereby restricted to the *assumpsit* implications arising thereout. If such were not the case, it would be clear that the defendant was attempting to set up the agreement as a defense (at least *pro tanto*) to the demand for the sum for which it was to account. As it is, however, the agreement is incorporated as part of the statement of claim, and any answer which arises out of the agreement to the demand made becomes, not a defense, but a denial of the cause of action, and the question of its sufficiency becomes a question of law which may be raised in the way here adopted. This is true, but true only in a partial and narrow sense. The practical purpose of the Practice Act is to meet a situation which not infrequently is presented at the trial. The plaintiff opens his case and develops his proofs. It then becomes evident that, granted the jury would find in his favor all the facts in support of which he has offered evidence, the court should direct a verdict for the defendant. If the pleadings disclose a like situation, why not save the time and expense of trial by entering a judgment upon the pleadings in advance of trial? Such a

question brings with it its own answer. If, however, upon the pleadings, judgment cannot be entered broadly for either party disposing definitely and finally (subject to writ of error or appeal) of the whole demand, or a definitely distinct and substantial part of it, then nothing is gained by a ruling of any questions of law which may be raised in advance of trial, and a statutory demurrer is reduced to a fishing excursion to get an advance expression of opinion from the court of the merits of what are really trial questions. Because of this, it is the settled practice under the Act of 1915 not to answer questions of law raised unless by stipulation of parties, or otherwise, a final judgment can be rendered and a trial thereon saved. This course has the support of practical considerations. Questions of law which may seem to be clear cut, if ruled upon the pleadings, often must be ruled as more or less abstract questions. The fuller developments of the trial may place them in a clearer or different light. If they are ruled as propositions of law in advance of trial, the ruling may be a source of embarrassment to the judge presiding at the trial. It is because of this, the better and safer course, if a question may become a trial question, is to so rule it and not to determine it upon the pleadings unless, as we have said, its determination enables the court to enter a judgment which has (so far as affects the trial court) finality and renders a trial unnecessary. This leads us, when a statutory demurrer is interposed, to inquire of counsel (as was done in this case) whether they would stipulate that the court might enter judgment accordingly as the questions raised were ruled, and, upon refusal to so stipulate, to announce that we would not make a ruling unless we found that we could enter a final judgment. This course, we think, has the sanction of the Practice Act. To construe its commands otherwise is to make of it, not a means of speeding the day of judgment, but of delaying it, and not of a relief to the courts, but an addition to their burdens.

We have accordingly looked into this record to find a way of entering judgment, and, not finding it, refuse to determine the questions raised because they are trial questions, the defendant being given leave to file an affidavit of defense to the fact merits of the cause within the time limit granted by the Act of 1915.